UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STURTZ MACHINERY, INC., etc., | ) | CASE NO. 5:13CV404 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOVE'S INDUSTRIES, INC., etc., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Dove's Industries, Inc. to compel arbitration and to stay the proceedings. (Doc. No. 5.) For the reasons set forth herein, the motion is **GRANTED**.

## I. BACKGROUND

This action was filed in Summit County Court of Common Pleas on January 10, 2013 by plaintiff Sturtz Machinery, Inc. (Sturtz) against defendants Dove's Industries, Inc. (Dove), M&T Bank (M&T), and Quaker City Auctioneers, Inc. (Auctioneers). It was removed by M&T on February 25, 2013. M&T filed an answer, which it later amended, and a counterclaim. The parties stipulated to the dismissal with prejudice of all claims against Auctioneers. Dove filed the instant motion.

Plaintiff alleges that it entered into a contract with Dove under which Dove would purchase from Sturtz a number of machines for the manufacture of vinyl windows. Sturtz alleges that, as of the date of the complaint, Dove owed over half a million dollars, plus interest, on its account, which plaintiff seeks to recover by way of this lawsuit. Plaintiff further alleges that,

notwithstanding its perfected security interest in the machines it sold to Dove, in November 2012, Dove's lender, M&T, directed Auctioneers to sell the subject machines to a third party without Sturtz's consent. M&T has failed and refused to turn over the proceeds of the sale to plaintiff to the extent of its security interest, despite demand, and has converted the proceeds to M&T's own use.

## II. DISCUSSION

The contract between Sturtz and Dove is attached to the complaint and provides, in relevant part:

> Any dispute, controversy or claim arising out of or in connection with this Agreement, or the breach, termination, or invalidity thereof, shall be submitted, decided and resolved with finality by arbitration in accordance with the Commercial Arbitration Rules, including the Supplementary Procedures for International Commercial Arbitration, of the American Arbitration Association, as amended and in effect, at the time of such dispute, controversy or claim. The arbitration shall be conducted by three (3) arbitrators, one to be appointed by Purchaser [Dove], one to be appointed by Sturtz and a third, neutral arbitrator being nominated by the two arbitrators so selected, or if they cannot agree on [the] third arbitrator, by the American Arbitration Association in accordance with its rules.

(Doc. No. 1 at 34.)

The instant motion seeks an order from this Court compelling arbitration between Sturtz and Dove and staying the proceedings as to M&T. Both parties admit that there is a strong federal policy favoring arbitration. *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 411 F.3d 669, 672 (6th Cir. 2005) (citing Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.) ("'[A]ny doubts concerning the scope of arbitrable issue should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Id*. at 672-73 (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))).

Plaintiff, however, opposes the motion on the ground that Dove has never disputed the amount of money it owes plaintiff, but merely asserts an inability to pay. Plaintiff claims there is no dispute to arbitrate and points to case law from other circuits requiring a dispute as a prerequisite to an order to compel arbitration. *See e.g., Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) ("In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Id*. at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir.1991)).

Plaintiff has not pointed out any Sixth Circuit case with a similar holding and the Court's own research has found none. In the Sixth Circuit,

> "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue." *Stout* [*v. J.D. Byrider*], 228 F.3d at 714. If the district court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration. If the validity of the agreement to arbitrate is "in issue," the court must proceed to a trial to resolve the question. 9 U.S.C. § 4. In order to show that the validity of the agreement is "in issue," the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate.

*Great Earth Companies., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). There is no dispute as to the validity of the arbitration agreement here.

Therefore, the Court simply turns to the language of the agreement, which provides, in relevant part, for the arbitration of "[a]ny dispute, controversy or claim arising out of or in connection with this Agreement[.]" Here, plaintiff has a "claim" for payment that "arise[s] out of" the agreement. This falls within the terms of the arbitration provision.

### III. CONCLUSION

For the reasons discussed herein, defendant's motion to compel arbitration and to stay all further proceedings in this action pending completion of the arbitration is **GRANTED**. The case as it relates to Dove's Industries, Inc. is **STAYED** until further order of the Court. The case as it relates to M&T Bank shall proceed.

The parties are directed to advise the Court immediately upon completion of the arbitration.

**IT IS SO ORDERED**.

Dated: October 1, 2013

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**