UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STURTZ MACHINERY, INC., | ) | CASE NO. 5:13CV404 |
| aka Stuertz Machinery, Inc., | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOVE'S INDUSTRIES, INC., et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant M&T Bank ("M&T" or "defendant")[1] for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. No. 22.) Plaintiff Sturtz Machinery, Inc. ("Sturtz" or "plaintiff")[2] filed a response (styled as a "reply") (Doc. No. 24), and M&T filed a reply (Doc. No. 25). Defendant also filed a request for oral argument. (Doc. No. 26.) The Court finds no need for oral argument; therefore, Doc. No. 26 is denied. For the reasons set forth below, Doc. No. 22 is granted.

**I. BACKGROUND**

This case involves perfection and priority of security interests. To frame the issue, a recitation of the underlying facts as revealed by the pleadings[3] will be helpful.[4]

---

[1] M&T is a New York corporation, with its principal place of business in New York; M&T transacts business in Ohio. (Answer [Doc. No. 19] ¶ 3; Countercl. [Doc. No. 19] ¶ 3; Reply to Countercl. [Doc. No. 21] ¶ 2.)

[2] Sturtz is a Delaware corporation, with its principal place of business in Ohio. (Compl. [Doc. No. 1-2] ¶ 1; Answer ¶ 1.)

[3] The complaint was originally filed in state court and removed by M&T. (Doc. No. 1.) M&T filed its answer on March 4, 2013 (Doc. No. 6), which it subsequently amended on August 5, 2013, with leave, to add a counterclaim against Sturtz (Doc. No. 19). Sturtz filed a reply to the counterclaim. (Doc. No. 21.) Attached to these various pleadings, upon which judgment is now sought by M&T, are documents integral to the dispute between the parties. Under Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Therefore, the Court's consideration of the various exhibits does not convert the Rule 12(c) motion

Between May 31, 2006 and December 30, 2009, Dove's Industries, Inc.[5] ("Dove")[6] executed a series of notes in favor of M&T.[7] (Countercl. ¶¶ 9-11.) On or about January 7, 2011, Dove entered into a contract with Sturtz ("the Sturtz Contract")[8] to purchase from Sturtz, for installation in Dove's factory in Dublin, Virginia, a number of machines designed to manufacture vinyl windows ("the Fixtures").[9] (Compl. ¶ 7.) The Fixtures were delivered by Sturtz to Dove sometime before September 30, 2011. (Compl ¶¶ 8-10; Countercl. ¶ 8; Reply to Countercl. ¶ 2.)

On January 23, 2012, M&T and Dove entered into a loan agreement ("the Loan Agreement") whereby M&T agreed to make loans to Dove in an amount up to $2.1 million for the purpose of acquiring equipment; the loans were to be evidenced by one or more notes. (Countercl. ¶ 12.) On that same date, pursuant to the terms of the Loan Agreement, Dove executed a note in the amount of $1,550,000 in favor of M&T ("the 2012 Note" and, together with the 2006, 2008 and 2009 Notes, "the M&T Notes"), and M&T provided Dove with that

---

for judgment on the pleadings to a Rule 56 motion for summary judgment. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment") (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

[4] This recitation of facts is not meant to constitute findings of fact. The facts as alleged in the complaint and counterclaim are taken as true simply for purposes of resolving this motion.

[5] Dove is a Pennsylvania corporation doing business in Ohio. (Compl. ¶ 2; Answer ¶ 2.)

[6] On October 1, 2013, the Court granted Dove's motion to compel arbitration and to stay the proceedings as to Dove. (*See* Doc. No. 23.) Earlier, the parties had also stipulated to the dismissal of defendant Quaker City Auctioneers, Inc. (*See* Doc. No. 13.) Therefore, the current dispute involves only Sturtz and M&T.

[7] Copies of the notes are attached to the instant motion as Ex. A ("the 2006 Note"), Ex. B ("the 2008 Note"), and Ex. C ("the 2009 Note"). They were also attached to the counterclaim.

[8] A copy of the Sturtz Contract is attached to the complaint as Ex. B. (Doc. No. 1-2 at 18-34.) The entire complaint is also attached to the motion as Ex. D.

[9] In its motion, M&T refers to these machines as "the Equipment." Plaintiff uses the designation of "the Fixtures." Whether something is a fixture is usually a mixed question of law and fact. However, for purposes of this motion only, M&T has conceded that the machines are "fixtures." (*See* Doc. No. 22 at 705, n.1.) Therefore, the Court will use the designation of "the Fixtures."

same amount in financing. (*Id*. ¶ 13.) To further secure its obligations under the 2012 Note, Dove executed a security agreement ("the M&T Security Agreement" and, together with the 2012 Note, "the Loan Documents") in favor of M&T,[10] which allegedly granted M&T a security interest in the Fixtures, among other things, and in the proceeds from any sale of the Fixtures. (Countercl. ¶¶ 14-17.)

On February 2, 2012, M&T filed with the Pennsylvania Secretary of the Commonwealth a UCC-1 financing statement ("the M&T Financing Statement").[11] (Countercl. ¶ 18.)[12] As of February 2, 2012, by Sturtz's own admission, it had filed no financing statement or fixture filing with respect to the Fixtures. (Countercl. ¶ 50; Reply to Countercl. ¶ 18.) On August 16, 2012, Sturtz filed a financing statement ("the Sturtz Financing Statement") with the State Corporation Commission of Virginia, and the following day, Sturtz made a fixture filing in Pulaski County, Virginia ("the Pulaski County Fixture Filing").[13] (Countercl. ¶¶ 24, 25; Reply to Countercl. ¶ 9.)

Dove defaulted under the terms of the Loan Documents, as formally declared in a letter to Dove from M&T's counsel dated August 14, 2012. (Countercl. ¶ 21.)[14] On December 7, 2012, M&T filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, a

---

[10] Copies of the Loan Agreement, the 2012 Note, and the M&T Security Agreement are attached to the motion as Exs. F, G, and H, respectively. Copies were also attached to the counterclaim.

[11] A copy of the M&T Financing Statement is attached to the motion as Ex. I. It was also attached to the counterclaim.

[12] Sturtz denies that this filing by M&T *perfected* a security interest in the Fixtures (thereby giving M&T priority under the applicable statute as the first to file), but does not deny that M&T *filed* the UCC Statement attached as Exhibit H to its amended counterclaim. (Reply to Countercl. ¶ 6.) The certified copy of Exhibit H is a public record (maintained by the Commonwealth of Pennsylvania) of which the Court may take judicial notice.

[13] Copies of the Sturtz Financing Statement and the Pulaski County Filing are attached to the motion as Exs. J and K, respectively. They were also attached to the counterclaim.

[14] A copy of the letter is attached to the motion as Ex. L; it was also attached to the counterclaim, which mistakenly identifies the date of the letter as August 14, 2013. (Countercl. ¶ 21.)

Complaint for Confession of Judgment against Dove with respect to the 2012 Note and a Confession of Judgment ("the 2012 Confession of Judgment") in the amount of $1,530,203.59, plus continuing interest after November 28, 2012, at a rate of $139.93 per diem, plus costs of suit. (*Id.* ¶ 22.)[15]

Dove also defaulted on its obligations under the 2006 Note, the 2008 Note, and the 2009 Note. (Countercl. ¶ 23.) M&T obtained a judgment in the amount of $300,000.00 against Dove pursuant to an authorized confession of judgment ("the 2009 Confession of Judgment") for the amounts due under the 2009 Note. (*Id.*)[16]

On or about September 14, 2012, Dove entered into an auction contract ("the Auction Contract") with now-dismissed defendant Quaker City Auctioneers, Inc. ("Auctioneers") pursuant to which Auctioneers was to sell all of Dove's personal property at its factories located in Wilkes Barre, Pennsylvania and Dublin, Virginia. (Countercl. ¶ 28.)[17] As evidenced by the Detailed Consignor Settlement Statement ("the Auction Settlement Statement"), between November 13, 2012 and November 30, 2012, Auctioneers sold Dove's personal property, including the Fixtures located at its Dublin, Virginia factory. (*Id.* ¶ 29.)[18]

The proceeds of the auction of Dove's personal property were approximately $1,581,595 ("the Proceeds"). (Countercl. ¶ 30.) By Sturtz's admission, the Proceeds, which have been segregated in a separate account since the time of the sale, constitute "identifiable cash proceeds." (*Id.* ¶ 31; Reply to Countercl. ¶ 13.) By agreement of all the parties to this action,

---

[15] Copies of the Complaint for Confession of Judgment and the Confession of Judgment are attached to the motion as Exs. M and N. They were also attached to the counterclaim.

[16] A copy of the 2009 Confession of Judgment is attached to the motion as Ex. O. It was also attached to the counterclaim.

[17] A copy of the Auction Contract is attached to the motion as Ex. P. It was also attached to the counterclaim.

[18] A copy of the Auction Settlement Statement is attached to the motion as Ex. Q. It was also attached to the counterclaim.

pending the outcome of this litigation, the Proceeds were placed in an escrow account at M&T Bank, as evidenced by an Escrow Agreement ("the Escrow Agreement"). (Countercl. ¶ 32; Reply to Countercl. ¶ 13.)[19]

On January 10, 2013, Sturtz filed a complaint in the Summit County Court of Common Pleas against M&T, Auctioneers, and Dove, seeking to recover a portion of the Proceeds that Sturtz claims it is owed by Dove. Specifically, Sturtz alleges that Dove owes $557,126, plus interest, on an open account, which includes $513,000 owed under the Sturtz Contract. (Compl. ¶¶ 5, 11.) Sturtz asserts that it has a security interest in the Fixtures, which it perfected under Virginia law by filing the Sturtz Financing Statement and the Pulaski County Fixture Filing, and that M&T has converted these proceeds to its own use. (Compl. ¶¶ 12, 16.) On February 25, 2013, M&T removed the state action to this court. (Doc. No. 1.)

On June 24, 2013, counsel for M&T and counsel for Sturtz agreed to release to M&T all Proceeds from the Escrow Account in excess of $600,000. (Countercl. ¶ 33; Reply to Countercl. ¶ 13.) The next day, $981,596.37 was released and transferred to M&T. (Countercl. ¶ 34.) As of the date of the filing of the motion, the amount remaining in the Escrow Account was $600,000, an amount less than M&T's remaining secured claim. (Countercl. ¶ 35.)

## II. DISCUSSION

### A. Standard of Review

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for judgment

---

[19] A copy of the Escrow Agreement is attached to the motion as Ex. R. It was also attached to the counterclaim.

5

on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

Ordinarily, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss," *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)), and a court considering such matters typically will convert a 12(b)(6) motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). However, the Sixth Circuit has adopted the Seventh Circuit's view that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner*, 108 F.3d at 88 (quoting *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Commercial Money Ctr., Inc.*, *supra*, n.3. Here, since the judgment on the pleadings being sought is a judgment on both the complaint and the counterclaim, documents attached to both pleadings can be considered.

6

**B.** **Analysis**

In its motion for judgment on the pleadings, M&T argues that it was first to perfect a security interest in the Fixtures and, therefore, it is entitled to all the Proceeds. It further asserts that Sturtz admits that M&T filed the M&T Financing Statement in Pennsylvania six months before Sturtz made any filing in Virginia.

Sturtz, in opposition, argues that the law of Virginia applies to determine who possesses a security interest in the Fixtures and the resulting Proceeds from the auction, and under that law, a security interest is perfected "in fixtures" only by filing "with the county office designated for recording of a mortgage on the related real property or in the office of the State Corporation Commission." (Response [Doc. No. 24] at 1005.) Since defendant failed to file in either place, and plaintiff filed in both, plaintiff asserts that only it has a perfected security interest and, by extension, that its security interest has priority over any possible security interest in the Fixtures that may have been perfected in Pennsylvania.

The Court concludes that M&T has the correct argument.

The UCC highlights the fact that there are different ways to perfect a security interest in fixtures, two of which are: by filing a financing statement that covers the fixtures (UCC § 9-501(a)(2)), and by filing an actual "fixture filing" (UCC § 9-501(a)(1)(B)), which has particular requirements. (*See* UCC § 9-102(a)(40).) The two filings should not be confused simply because they both cover "fixtures."

This Court, sitting in diversity, must apply the law of Ohio, the forum state, to determine the issues presented by this motion.  Ohio Rev. Code § 1309.301[20] provides, in relevant part:

> Except as otherwise provided in sections 1309.303 to 1309.306 of the Revised Code, the following rules determine the law governing perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral:
>
> (A) Except as otherwise provided in this section, while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral.
>
> * * *
>
> (C) Except as otherwise provided in division (D) of this section, while tangible negotiable documents, goods, instruments, money, or tangible chattel paper is located in a jurisdiction, the local law of that jurisdiction governs:
>
> > (1) Perfection of a security interest in the goods by filing a fixture filing;
> >
> > * * * and
> >
> > (3) The effect of perfection or nonperfection and the priority of a nonpossessory security interest in the collateral.
>
> * * *

Official Comment 4 to this section of the UCC explains that paragraph (A) is the general rule: the law of the location of the debtor typically controls. In this case, it is undisputed that Dove (the debtor) is a Pennsylvania corporation and is, therefore, located in Pennsylvania. (*See* Ohio Rev. Code § 1309.307(E) ("A registered organization that is organized under the law

---

[20] Ohio (where Sturtz is located and Dove does business), and Pennsylvania (where Dove is incorporated), and Virginia (where the subject Fixtures were located) have all codified their own statutory versions of the Uniform Commercial Code ("UCC") provisions dealing with perfection and priority of security interests in goods. The statutes of the three states are virtually identical to each other and to the UCC.

of a state is located in that state.").) Under 13 Pa.C.S.A. § 9501(a)(2), a financing statement that "is not filed as a fixture filing[]"(even though it covers fixtures), must be filed in the "office of the Secretary of the Commonwealth[.]" It is undisputed that M&T filed the M&T Financing Statement on February 2, 2012 in that very office. It is further undisputed that, although Sturtz also filing a financing statement, it was filed in Virginia six months after M&T's Pennsylvania filing. Even if Virginia law applied, as Sturtz argues, that financing statement should have been filed in Pennsylvania, where the debtor is located. (*See* Va. Code Ann. § 8.9A-301(1).)

Official Comment 5 further explains that there are several exceptions to the general rule, one exception being "security interests perfected by filing a *fixture filing*[.]" (emphasis added). Under paragraph (C)(1), "the law of the jurisdiction in which the fixtures are located governs perfection, including the formal requisites of a fixture filing." (Official Comment 5b.) In this case, it is undisputed that the Fixtures were located in Virginia. Under Va. Code Ann. § 8.9A-501(a)(1)(B), a fixture filing would need to be filed in "the office designated for the filing or recording of a record of a mortgage on the related real property[.]" It is undisputed that Sturtz filed a "fixture filing" on August 17, 2012 in the proper office.

The next question, the answer to which resolves the current dispute, is whose perfected security interest takes priority. It is M&T's position that, "[a]s between these Parties, the type of filing is not relevant because either filing is sufficient to perfect a security interest in fixtures." (Doc. No. 22 at 705.) Therefore, in its view, "the default rule of first-in-time-first-in-right applies to determine priority." (*Id.*)

Under Ohio Rev. Code § 1309.301(c)(3), the location of the fixtures determines which jurisdiction's law applies. Here, it is undisputed that the fixtures are located in Virginia; therefore, Virginia law relating to priority of conflicting security interests controls. Under Va.

9

Code Ann. §§ 8.9A-317 (a)(1), "[a] security interest . . . is subordinate to the rights of: (1) a person entitled to priority under § 8.9A-322.[.]"  Under Va. Code Ann. § 8.9A-322(a)(1), "[c]onflicting perfected security interests . . . rank according to priority in time of filing or perfection. Priority dates from the earlier of the time a filing covering the collateral is first made or the security interest . . . is first perfected . . . ." Here, it is undisputed that M&T filed its financing statement in Pennsylvania before Sturtz filed either its financing statement or its fixture filing in Virginia. Therefore, M&T's security interest takes priority.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion for judgment on the pleadings (Doc. No. 22) is **GRANTED**.

Since the case has previously been stayed as to defendant Dove, the Court will defer issuing any judgment entry relating to the instant ruling at this time. Instead, the Court will conduct a telephonic status conference with all counsel (including counsel for Dove) on Wednesday, April 16, 2014 at 3:30 p.m., to discuss the further disposition of the case and the propriety of filing a judgment entry. Directions for accessing the Court's bridge line will be emailed to counsel by the courtroom deputy.

**IT IS SO ORDERED**.

Dated: April 8, 2014

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**